IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,060-01;-02;-03;-04;-05






EX PARTE MARK MINGER, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. W366-80674-00(HC) THROUGH W366-80678-00(HC) IN THE 366TH
DISTRICT COURT FROM COLLIN COUNTY




 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In one trial involving five indictments,
Applicant was convicted of four counts of aggravated kidnaping and three counts of violation of a
protective order. Applicant was sentenced to twenty (20) years' confinement for one aggravated
kidnaping conviction, twenty-five (25) years' confinement for three aggravated kidnaping
convictions, and ten (10) years' confinement for each violation of the protective order. The
Eleventh Court of Appeals affirmed his convictions. See Minger v. State, Nos. 11-01-00107-CR
through 11-01-00111-CR, (Tex. App.-Eastland, January 16, 2003, no pet.) (not designated for
publication). 

 Applicant alleges, inter alia, that counsel was ineffective for raising an insanity defense at
trial because the decision was based on an inadequate investigation. Specifically, he alleges that
counsel should have interviewed State witnesses Pamela Ramsey, Brittany Stanberry, and Tammy
Ramsey before he decided to raise the insanity defense. Also, counsel should have inquired into the
evidence that defense expert Erin Owen-Salters, defense expert James Shupe, and State expert James
Grigson were basing their evaluations upon. Instead of raising the insanity defense, Applicant
further contends that counsel should have advised him to accept a plea offer of ten (10) years'
confinement. In the alternative, counsel should have used the evidence of Applicant's mental disease
or defect as mitigating evidence at punishment. Also, Applicant alleges that the State made an
improper comment regarding the application of parole law during closing argument, that counsel
objected, and that the trial court sustained the objection. Applicant alleges that counsel should have
requested a curative instruction and should have moved for a mistrial. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claims of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel interviewed witnesses and
reviewed the evidence that the experts were basing their evaluations upon before he decided to raise
an insanity defense. The trial court shall also make findings of fact as to whether counsel advised
Applicant to accept a plea offer instead of going to trial. The trial court shall also make findings of
fact as to whether counsel considered presenting evidence of Applicant's mental disease or defect
as mitigating evidence instead of raising an insanity defense. Further, the trial court shall make
findings of fact as to whether counsel requested that the trial court instruct the jury to disregard the
State's comment about the parole law and whether counsel moved for a mistrial. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: December 13, 2006

Do not publish